UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Manuela Garcia-Hernandez, et al.,<br>Plaintiffs<br>v.<br>Loya Insurance Company, et al.,<br>Defendants | Case No. 2:26-cv-01248-CDS-EJY<br>**Order Granting the Defendants' Motions to Dismiss, Granting Request for Judicial Notice, and Denying Alternative Relief to Stay, and Denying Plaintiffs' Motion to Remand**<br>[ECF Nos. 15, 16, 17, 21, 22, 23, 28] |

Plaintiffs Manuela Garcia-Hernandez and Jose Ines Marrufo Sanchez bring this insurance dispute against defendants Melanie Jo Muldowney, Jenney L. Foley, John P. Shannnon, and Martinez, Dieterich & Zarcone Legal Group (hereinafter, "attorney defendants"), and Loya Insurance Company. Compl., ECF No. 3-1. Garcia-Hernandez and Sanchez originally filed their complaint in the Eighth Judicial District Court, Clark County, Nevada, on March 19, 2026. *See id.*[1] On April 22, 2026, Loya removed the case to this court based on diversity of citizenship and fraudulent joinder assertions. Pet. for removal, ECF No. 1.

The plaintiffs filed a motion to remand. Mot., ECF No. 21. That motion is fully briefed. *See* Opp'n, ECF No. 32; Reply, ECF No. 37. Loya moves to dismiss the complaint[2] and alternatively seeks a motion to stay this action.[3] ECF Nos. 15, 17. The attorney defendants joined this motion. Joinder, ECF No. 22. And the attorney defendants filed their separate motion to dismiss.[4] ECF No. 28. Both of the defendants' motions are also fully briefed. *See* Resps., ECF Nos. 18, 19, 29;

[1] The state case numbers are A-26-942020-C and A-26-942023-C. *See* State court docket, Pl.'s Ex. 1, ECF No. 3-1; Pl.'s Ex. 2, ECF No. 3-2.

[2] In conjunction to their motion to dismiss, Loya also filed a request for judicial notice of six exhibits. *See* ECF No. 16. Their request is granted in part. I judicially notice the dockets and filings before the Nevada Supreme Court, but do not judicially notice any substantive arguments raised in the filings because they fall outside Fed. R. Evi. 201.

[3] The attorney defendants filed a joinder to Loya's motion to stay. ECF No. 23. Their joinder is granted.

[4] The attorney defendants also filed a joinder to Loya's motion and their response. *See* ECF Nos. 22, 34. Their joinder is granted.

Replies, ECF Nos. 25, 26, 36. For the reasons stated herein, I grant the defendants' motions to dismiss, deny the defendants' alternative relief to stay this action, and deny the plaintiffs' motion to remand.

## I. Background[5]

This case stems from a car accident that occurred on May 22, 2020, near the intersection of N. Lamb and E. Cheyenne Ave., Las Vegas, Nevada. ECF No. 3-1 at 9, ¶ 39. At the time of the accident, Sanchez was operating a motor vehicle owned by Garcia-Hernandez. *Id.* at ¶ 41. As non-party Seungju Lillian Han proceeded into the intersection on a green light, Sanchez failed to slow and stop for his red traffic signal and entered the intersection, causing the collision. *Id.* at ¶ 44. At the time of the accident, Garcia-Hernandez maintained an automobile insurance policy[6] with Loya, which afforded liability coverage to Garcia-Hernandez and permissive users of her vehicle, including Sanchez, for losses arising from the collision, with bodily injury liability limits of $25,000.00 per person. *Id.* at ¶ 42.

At some point, Han submitted a claim, which Loya denied on February 2, 2022. *Id.* at ¶ 49. Around April 12, 2022, Han submitted a demand to Loya to settle his claims against Sanchez and Garcia-Hernandez for approximately $32,220.37, which exceeded the policy limit. *Id.* at ¶¶ 50–51. Around April 15, 2022, and April 19, 2022, Loya sent letters to Sanchez and Garcia-Hernandez informing them that it was making every effort to resolve the claims against them within the available policy limits. *Id.* at ¶ 53.

On May 16, 2022, Han filed suit ("underlying action") against Sanchez and Garcia-Hernandez in the Eighth Judicial District Court, Clark County, Nevada.[7] *Id.* at ¶¶ 40, 56. Sanchez and Garcia-Hernandez tendered the claim to Loya for defense and indemnity under the policy. *Id.* at ¶ 45. As alleged, on August 22, 2022, Han served two offers of judgment to resolve

---

[5] Unless otherwise noted, the court only cites to the plaintiffs' complaint (ECF No. 3-1) and the defendants' motion (ECF No. 15) to provide context to this action, not to indicate a finding of fact.
[6] The policy number is 80466417495. *Id.* at ¶ 43.
[7] Case No. A-22-852674-C.

the case within the policy limits. *Id.* at ¶¶ 57–58. On September 2, 2022, Han's counsel communicated to defense counsel that Han's special needs increased to approximately $43,404.17, and that the policy limits represented a final opportunity to resolve the claim within limits. *Id.* at ¶ 59. The offer of judgment expired on August 22, 2022, and it was deemed rejected by operation of law. *Id.* at ¶ 60.

On December 9, 2022, Han served a second offer of judgment to resolve the underlying action for $24,999.99, *id.* at ¶ 61, and on December 12, 2022, the defendants sent a letter to the plaintiffs regarding Han's offer of judgment of $24,999.99, *id.* at ¶ 62. The second offer of judgment expired on December 9, 2022, and was deemed rejected by operation of law. *Id.* at ¶ 63. Sanchez and Garcia-Hernandez assert that Loya failed to accept the settlement opportunities, and Loya's refusal to accept settlement at policy limits constitutes material failures to protect them from personal exposure above the policy limits. *Id.* at ¶ 65.

The underlying action proceeded to trial, and the jury returned a verdict in Han's favor in the amount of $13,200,000.00. *Id.* at ¶ 81. A judgment was entered totaling approximately $14,189,589.04, which included prejudgment interest. *Id.* at ¶ 82. The court entered post-judgment orders awarding attorney's fees and costs to Han, which increased the total judgment to $19,965,203.86. *Id.* at ¶ 83.

After judgment was entered against Sanchez and Garcia-Hernandez, Loya paid for appellate counsel to file an appeal on their behalf. ECF No. 15 at 2. In October 2024 and February 2025, appeals[8] were filed on the plaintiffs' behalf regarding the underlying action. *Id.* at 3.[9] As alleged by Loya, the Supreme Court of Nevada had set the appeal for oral argument, but Loya filed an emergency motion to intervene because the plaintiffs were trying to dismiss the appeal over Loya's objection. *Id.* at 4. The plaintiffs' lawyer filed a joint stipulation with Bighorn Law seeking to dismiss the appeal. *Id.* Then, on April 20, 2026, the Supreme Court of Nevada

[8] Supreme Court of Nevada Case Nos. 89556 and 90142.

[9] Loya alleges that the issue in that appeal is whether the law firm that represented Han should have been disqualified after they hired one of the plaintiffs' defense attorneys in the middle of the case. *Id.* at 2

granted Loya's motion to intervene in the appeal and ordered the appeal to be reset for oral argument. *Id.* at 3. Both the appeal and the date for oral argument remain pending. *Id.* at 4.

Based on the foregoing allegations, Sanchez and Garcia-Hernandez brought the following claims against the defendants: (1) breach of contract against Loya; (2) breach of implied covenant of good faith and fair dealing against Loya; (3) professional negligence against MDZ, Muldowney, Foley, and Shannon; and (4) breach of fiduciary duty against MDZ, Muldowney, Foley, and Shannon; (5) negligent hiring, training, maintenance, supervision, and retention against Loya; (6) declaratory relief; and (7) statutory violation of Nevada Revised Statue (NRS) § 686A.310 against Loya. *See generally id.*.

**II. Legal standard**

Under Federal Rule of Civil Procedure 12(b)(1), a party may bring a motion to dismiss for lack of subject-matter jurisdiction. A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, without which, a federal district court cannot adjudicate the case before it. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A party may seek dismissal of an action for lack of subject matter jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Thus, a jurisdictional challenge can be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Dismissals for lack of subject matter jurisdiction must be without prejudice because a lack of jurisdiction deprives the dismissing court of any power to adjudicate the merits of the case. *Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017) (citing *Wages v. I.R.S.*, 915 F.2d 1230, 1234 (9th Cir. 1990)).

Under Article III, Section II of the U.S. Constitution, a federal court's jurisdiction is limited to adjudication of "live" cases and controversies. *See Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) ("Article III demands that an actual controversy persist throughout all stages of litigation."). To determine whether a case meets the "case and controversy" requirement, federal courts consider various doctrines, including "standing," "ripeness," and "mootness." *See Poe v.*

*Ullman*, 367 U.S. 497, 502–05 (1961). Further, to maintain a claim, a litigant must continue to have a personal stake in all stages of the judicial proceeding. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990); *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). This means that a plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision" *throughout* the course of the litigation. *Lewis*, 494 U.S. at 477 (emphasis added). A case must be dismissed if it becomes moot at any stage. *See City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 288 (1982).

## III. Discussion

### A. Loya and attorney defendants' motions to dismiss are granted.

Loya moves to dismiss the plaintiffs' complaint, asserting that it is not ripe because it hinges on an underlying judgment that is currently on appeal before the Supreme Court of Nevada, which they contend is likely to be reversed. ECF No. 15 at 6. In particular, Loya argues that the pending appeal means the plaintiffs' claims for damages are not ripe for adjudication under *Wilson v. Bristol W. Ins. Grp.*, 2009 WL 3105602 (D. Nev. Sep. 21, 2009), and *Anderson v. White*, 2015 WL 7432341 (D. Nev. Nov. 23, 2015). *Id.* at 5, 6. Loya asserts that several courts have held that claims for damages are not ripe for adjudication when they are premised on an underlying action that is still on appeal or otherwise pending. *Id.* at 5.

The attorney defendants filed a separate motion to dismiss asserting: (1) the plaintiffs' legal malpractice and related professional negligence claims are not ripe; and (2) the plaintiffs have improperly fragmented a single legal malpractice claim into multiple causes of actions—styled as a breach of fiduciary duty, professional negligence, and related tort theories—all of which arise under attorney-client relationship.[10] *See* ECF No. 28 at 2.

[10] Because I find that the plaintiffs' claims are not ripe, I do not address the attorney defendants' second ground to dismiss.

In opposition to Loya's motion, and without citing any case law in support thereof, the plaintiffs argue that this matter is ripe for adjudication. ECF No. 18 at 7. The plaintiffs further argue that the injury is concrete and particularized because judgment was entered, and the injury has already occurred. *Id.* at 7. Further, they contend that Han has already executed on the judgment by having the plaintiffs' drivers' licenses suspended, and they are subject to the execution on the judgment given Loya refuses to protect them. *Id.* The plaintiffs further contend that the plaintiffs' exposure to the $22,000,000.00 judgment is not only fairly traceable to the challenged action of Loya but also clearly the result of Loya's decision to not settle for the policy limit. *Id.* Finally, the plaintiffs further assert that the prudential component of the ripeness doctrines favors in permitting the action to proceed because the plaintiffs will continue to suffer hardship as a result of the judgment. *Id.* at 8. Absent from the plaintiffs' opposition is any discussion addressing the cases Loya cites—*Wilson* and *Anderson.*

The plaintiffs also filed a separate opposition to the attorney defendants' motion and argue that a stay would be more appropriate than a dismissal in this action. ECF No. 29 at 5. They further argue that if the court elects to dismiss the instant action rather than stay the same pending resolution of the appeal, then the plaintiffs would be held in breach of the agreement and face execution on the judgment. *Id.* at 5–6. The plaintiffs' opposition completely disregards and fails to address the attorney defendants' arguments concerning ripeness. *See generally id.*.

As a threshold matter, the plaintiffs' opposition fails to comply with Local Rule 7-2(d) and address certain arguments made in the motions to dismiss. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."). Because the plaintiffs fail to provide points and authorities related to ripeness, they essentially concede to the defendants' arguments. On this basis alone, I may grant the defendants' motions to dismiss. But I nonetheless address whether the ripeness arguments and whether the plaintiffs' claims should be dismissed.

This action is not properly before the court because an appeal regarding the underlying action remains pending with the Supreme Court of Nevada. *See Yeghiazarian v. L.V. Metro. Police Dep't*, 2012 U.S. Dist. LEXIS 176717, at *7 (D. Nev. Dec. 12, 2012) (explaining that as the appeal is presently before the Nevada Supreme Court, the plaintiffs' claim is not presently ripe for relief); *Anderson*, 2015 U.S. Dist. LEXIS 157898, at *6–7 (finding that "as the [action] is pending before the court of appeals, a possibility exists that the court of appeals could affirm the decision of the lower court, making the damages speculative at best. Specifically, plaintiff's claims are not ripe because the issue of his potential damages rests on the contingent future event of whether the court of appeals will set aside the [memorandum of understanding] . . . .").

The plaintiffs assert that they have suffered harm—that is, judgment was entered against them and they have lost their driver's license, but the appeal remains pending before the Supreme Court of Nevada, and judgment against the plaintiffs in the underlying action *may* be reversed. The fact that reversal may occur is key as it renders plaintiffs' claims hypothetical and "Federal courts cannot adjudicate potential [claims] unless the dispute is 'ripe' and 'presents issues that are definite and concrete, not hypothetical or abstract.'" *Polk v. State Bar of Nev.*, 2026 U.S. Dist. LEXIS 166742, at *1 (D. Nev. July 28, 2026) (citing *Safer Chems v. EPA*, 943 F.3d 397, 411 (9th Cir. 2019)).

Because it is unclear at this stage whether the plaintiffs will face an injury, considering that the appeal remains pending and because the plaintiffs have not provided this court with any case law or authorities to find otherwise, the plaintiffs' claims are not ripe at this stage. Consequently, I grant the defendants' motions to dismiss without prejudice.[11]

---

[11] Although the court does not reach the merits of the plaintiffs' motion to remand, the court notes for the record that the plaintiffs' motion to remand and their reply is completely non-responsive to the defendants' position that the plaintiffs fraudulently joined the attorney defendants. So in essence they concede to the defendants' position. *See generally* LR 7-2.

**IV. Conclusion**

IT IS FURTHER ORDERED that the defendants' motions to dismiss **[ECF Nos. 15, 28] are GRANTED.** This action is dismissed without prejudice.

IT IS FURTHER ORDERED that the Loya's request for judicial notice **[ECF No. 16] is granted in part** as set forth in this order.

IT IS FURTHER ORDERED that Loya's motion to stay **[ECF No. 17] is DENIED as moot.**

IT IS THEREFORE ORDERED that the plaintiffs' motion to remand **[ECF No. 21] is DENIED as moot.**

IT IS FURTHER ORDERED that the defendants' joinders **[ECF Nos. 22, 23] are granted**.

The Clerk of Court is kindly directed to close this case.

Dated: September 1, 2026

_________________________________
Cristina D. Silva
United States District Judge